## Bixler & Company *v.* Stoker & Son, Appellants.

*Judgments—Opening judgments—Superior Court—Rule 28.*

An assignment of error, alleging the refusal of a motion to open a judgment, is defective, which does not quote, verbatim, the motion, rule and judgment thereon. Such an assignment is in violation of Rule 28 of the Rules of the Superior Court.

A rule to open judgment is properly discharged, where the record established that a former appeal had been non-prossed, and the allegation of a novation, or accord and satisfaction, was unsupported by the evidence.

Argued April 12, 1927. Appeal No. 171, April T., 1927, by defendants from judgment of C. P. Erie County, May T., 1924, No. 458, in the case of Miles F. Bixler & Company, a corporation, v. John Stoker and W. M. Stoker, doing business as John Stoker & Son. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendants appealed.

*Error assigned* was the order of the Court.

*Wilbur R. Seabrook,* for appellants.

No appearance and no printed brief for appellee.

PER CURIAM, July 8, 1927:

This is an appeal by the defendants from an order of the court below discharging a rule to show cause why a judgment should not be opened. Rule 28 of this court requires that: "When the error alleged is the granting or refusing of a motion, or the making absolute or discharging of a rule, the assignment must quote verbatim the motion or rule, and the judgment of the court thereon." The assignments of error filed by the appellants failed to comply with this rule and may be disregarded. We have, however, carefully examined the record and are convinced that the appeal is without merit. The defendants had, on July 31, 1922, purchased of the plaintiffs, under a written contract, certain merchandise at the price of $200. The plaintiffs brought an action to recover the price of the goods so purchased by defendants, and, on March 23, 1925, the court below entered judgment against the defendants for want of a sufficient affidavit of defense, for the sum of $200 with interest from September 14, 1923. The defendants appealed from that judgment but the appeal was non-prossed on April 12, 1926. The defendants, on December 23, 1926, presented a petition to open the judgment, averring that on February 23, 1926, while the appeal of the defendants was pending in the Superior Court, the plaintiffs had made an offer of compromise of the claim which had been accepted and acted upon by the defendants, which arrangement constituted a novation or accord and satisfaction of the original claim and the judgment which was founded upon it and that the only remedy of the plaintiffs to recover the amount due was by a new action on the new contract. The court granted a rule to show cause why the judgment should not be opened. The depositions of these two defendants were then taken in support of the rule and after consideration thereof by the court the rule was discharged. The evidence sub-

mitted by the defendants in support of the rule to open
the judgment disclosed that the plaintiffs had sub-
mitted a written offer to the defendants, but that offer
did not propose any modification of the original con-
tract of July 31, 1922. In its opening sentence it pro-
posed that "In consideration of the payment of $200
as agreed by John Stoker & Son on 7-31-22 in contract
with the Miles F. Bixler Company; the Miles F. Bixler
Company agrees to exchange $184.64 of old jewelry,
now held subject to the orders of John Stoker & Son,
for new goods selected from the stock of the Miles F.
Bixler Company"; it also provided that the $200
should be paid in monthly instalments of $50 each,
but it closed with the specific covenant that this should
be "without prejudice to the rights of the Miles F.
Bixler Company under the original contract of July
31, 1922." If the defendants did accept this offer it
did not relieve them from their obligation entered
into July 31, 1922, nor from the judgment which had
been entered upon that contract. The writing con-
tained no reference whatever to the payment of the
costs on the judgment. This appeal seems to have been
taken by the defendants for the purpose of escaping
the payment of those costs. Under the alleged written
agreement the liability of the defendants under the
original contract remained unimpaired and included
the costs which were an incident of the judgment
founded upon that contract. The defendants asserted
in their testimony that they had been relieved from
the payment of those costs by a letter written by one
Ed. Haines, on June 11, 1926, a copy of which letter
was attached to the depositions. That letter did not
purport to be a contract, but was simply an attempt
by Haines to interpret the written agreement of Feb-
ruary 23, 1926, which said nothing about costs. The
defendants presented no evidence whatever as to the
relation which Haines bore to the plaintiff corporation

and there was nothing in the proceedings to indicate that Haines had authority to bind the corporation. The defendants did not assert that the plaintiffs had failed or refused to permit them to make the exchange for the jewelry referred to in the paper of February 23, 1926. These appellants have succeeded in delaying the collection of the judgment entered in April, 1925, by taking two appeals, one of which they suffered to be non-prossed, and the present appeal presents no good reason for opening the judgment.

The order of the court below is affirmed and the appeal dismissed at cost of the appellants.